### PEOPLE v. DUELL.

(Supreme Court, Special Term, New York County.    February, 1909.)

HABEAS CORPUS (§ 99*)—CUSTODY OF INFANT.

    Where a child about five years old was boarded with one C. for a certain compensation, which C. was unable to obtain, a transfer of the child on the payment of the money due by a third party was illegal, and on a proper showing the care of the child will be transferred to its uncle.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 84; Dec. Dig. § 99;* Parent and Child, Cent. Dig. §§ 4–32.]

Application against one Duell and wife for writ of habeas corpus to obtain possession of a child. Writ granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Francis K. Pendleton (Wm. B. Crowell, of counsel), for relator.
Hoadley, Lauterbach & Johnson, for respondents.

GREENBAUM, J. The testimony submitted at the hearings held under the order of reference established the following uncontradicted facts: The infant, Hannah Blum, now five years of age, was boarded with one Mrs. Jennie Cohen by its parents upon the agreement that she was to receive $2 weekly for her board and lodging. The weekly compensation was subsequently increased to $2.50. After the expiration of about two years there were arrears for board and lodging, which Mrs. Cohen claimed amounted to $50, and which an aunt of the infant claimed only amounted to $34. Mrs. Cohen, being unable to collect the $50, called the attention of certain newspapers to the fact that she was unable to retain the child, and the newspapers thereupon published the facts, at the same time stating that the child could be purchased by paying Mrs. Cohen the sum of $50, the amount claimed by her. The newspaper articles attracted the attention of the respondents, Duell, who subsequently entered into an arrangement with Mrs. Cohen, whereby the latter, upon the payment to her of $50, delivered up to them the custody of the child. Shortly after the events narrated, the relator demanded the surrender to him of the child. The relator is a married man, the husband of the sister of the child's father. The couple are childless, and, so far as the proofs show, are able properly to care for the infant and suitably to provide for its maintenance and education. The parents of the child appear to be in extreme poverty, and for some reason have been absent from the city for a considerable period of time, and have no home, living separate and apart. The father testified that he is desirous that his sister and her husband, the relator, shall have the custody of the child. The relator is ready to deliver up the child whenever the parents desire to care for it, and is anxious meanwhile to provide for it.

There seems to be no doubt that Mr. and Mrs. Duell are thoroughly reputable and worthy persons, and that they were moved by the sole desire to adopt the child as their own. The transaction of the delivery of the child by Mrs. Cohen to the Duells substantially constituted a barter of the infant. Mrs. Cohen had no lien upon the child for unpaid board and lodgings, and had no legal right to dispose of it to a stranger. Mrs. Cohen simply had a money claim against the father. It seems to me wholly superfluous to consider the question argued by counsel, bearing upon the difference in religious faith between the child's parents and that of the respondents, that the policy of the law is that the guardian of a child should have a sacred regard to the religion of the parents in dealing with it, as apparently correctly decided in the recent case of the Matter of McConnon Infants, 60 Misc. Rep. 22, 112 N. Y. Supp. 590, and cases therein cited. The facts here appearing under no circumstances would seem to warrant the detention of the child against the will of the father. The child will apparently be suitably provided for by the relator, and its welfare subserved by placing it in his custody. It may be that the respondents have become attached to the child during the few months that they

have enjoyed its society, and it is unfortunate that they may be unable to be reimbursed for the expense in its behalf incurred during the time they have maintained it. But they were not deceived. They fully understood that Mrs. Cohen had not the slightest right to dispose of the child, and the monetary considerations urged in behalf of the respondents cannot for a moment be entertained by the court.

The writ of habeas corpus is sustained, and the custody of the child awarded to the relator.